## UNITED STATES v. SMITH et al.

## SAME v. CARLOW.

(District Court, W. D. Washington, N. D.    August 4, 1920.)

## Nos. 5239, 5400.

1. **Intoxicating liquors** ⬅⬆256—**Rights of owners and lienors concerning property seized.**

Under National Prohibition Act, tit. 2, §§ 21, 26 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½mm), an owner of a vehicle used by another for unlawful transportation of liquors, to be entitled to return of the vehicle, must show merely that he had no knowledge or reason to believe that the property was used or to be used for the illegal transportation of liquor, but a mere lien is simply transferred to the proceeds of a sale, and is paid out of proceeds after deducting the expense of keeping the property, the fees for the seizure, and the cost of sale.

2. **Intoxicating liquors** ⬅⬆256—**Conditional vendor of vehicle seized not entitled to return, if worth more than his interest.**

Under the law of Washington, conditional vendor of an automobile used in unlawful transportation of intoxicating liquor is not a mere lienor, but neither is he entitled, under National Prohibition Act, tit. 2, §§ 21, 26 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½mm), to reclaim his property absolutely and unconditionally, where he had no knowledge of its illegal use by the purchaser, who has an interest therein subject to condemnation and forfeiture, and the property will be sold, if it will bring a price in excess of the vendor's interest; otherwise not.

Forfeiture proceedings by the United States of America against property claimed by P. S. Smith and another and by Dick Carlow, respectively. Rights of claimants determined.

The United States Attorney.

George L. Spirk, of Seattle, Wash., for claimants and interveners.

RUDKIN, District Judge. These cases call for a construction of the provisions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) relating to the seizure and forfeiture of vehicles used in the illegal transportation of intoxicating liquors. The claimants and interveners are vendors in conditional sale contracts, the transportation was by the purchasers, and the vendors had no knowledge or reason to believe that the property was being used for an illegal purpose.

Section 26 of title 2 of the act (Comp. St. Ann. Supp. 1923, § 10138½mm) provides, among other things, as follows:

"Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor

⬅⬆For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose as being bona fide and as having been created without the lien or having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the treasury of the United States as miscellaneous receipts. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property."

[1] It will be observed that the rights of two classes are thus saved and protected from the forfeiture: First, the owner, who shows good cause to the contrary; and, second, bona fide liens "created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor." This section does not undertake to define what will constitute good cause to the contrary, but by referring back to section 21 of title 2 of the act (Comp. St. Ann. Supp. 1923, § 10138½jj) it at once becomes manifest that the owner must show merely that he had no knowledge or reason to believe that the property was used or to be used for the illegal transportation of intoxicating liquor. Again, the innocent owner may reclaim his property and avoid a sale, while a mere lien is simply transferred from the property to the proceeds of the sale, and the liens are paid out of such proceeds according to priorities, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale.

[2] What, then, is the status of the vendor in the conditional contract of sale? The claimants and interveners claim that he is the owner and may reclaim his property, while the government claims that he is a mere lienor, and must resort to the proceeds of the sale for the satisfaction of his claim. That such an owner or vendor is not a lienor is well settled by the decisions of the Supreme Court of this state. Thus, in Winton Motor Car Co. v. Broadway Auto Co., 65 Wash. 650, 654, 118 Pac. 817, 818 (37 L. R. A. [N. S.] 71), the court said:

"The title, which is by this contract reserved in the seller, is the absolute title, under which he may retake the property, if at all, and retain it without any obligation whatever to account therefor or for any surplus of the value thereof above the unpaid purchase price, to the purchaser. The thing which our law recognizes as being retained by the seller under this contract is not a mere lien or equity securing the balance of the purchase price, but the absolute title, which remains in him or passes from him to the purchaser absolutely, accordingly as the conditions of the sale are broken, or as they are fulfilled, or as may result from some act of election on the part of the seller."

The court then quoted with approval from Crompton v. Beach, 62 Conn. 25, 25 Atl. 446, 18 L. R. A. 187, 36 Am. St. Rep. 323, and Alden v. Dyer & Bro., 92 Minn. 134, 99 N. W. 784, as follows:

"A contract of conditional sale imposes no lien upon property in favor of the vendor, for that or any other purpose. He does not sell, and receive back a pledge. He retains the title until he elects to part with it, and when he does so elect, the title passes from him; but nothing else thereby springs up in its place in the nature of a lien or incumbrance upon the property, inuring to his benefit. * * * It must now be regarded as the settled law of

this state, as well as in most others, that where personal property is sold and delivered with an agreement that the title thereto shall remain in the vendor until the payment of the purchase price, it is a conditional sale, and the transaction cannot be held a mortgage; and it is equally as well settled that, upon the vendee's failure to comply with the condition as to payment, the vendor may elect to retake the property, or may treat the sale as absolute, and bring an action for the price, but the assertion of either right is an abandonment or waiver of the other."

The rule thus stated is not only sound in law, but is controlling upon this court. It must be held, therefore, that the vendor in such a contract is not a mere lienor within the meaning of the law. On the other hand, I am not prepared to hold that such a vendor can reclaim his property absolutely and unconditionally. Before condition broken the purchaser has an interest in the property, and that interest is undoubtedly subject to condemnation and forfeiture. How, then, may the rights of the conditional vendor be saved without defeating the policy of the law. In my view the way is simple. If in the opinion of the court the property will not sell for enough at forced sale to satisfy the claim of the vendor, no sale should be ordered, and the property should be restored absolutely and unconditionally to the owner. If, on the other hand, in the opinion of the court, the property will bring more than the claim of the vendor, it should be ordered sold, but upon condition that no sale should be made for less than the amount of the unpaid purchase price. If a bid for more than that amount is not forthcoming the property should be restored to the owner; if a larger amount is bid the property should be sold and the owner paid the full amount of his claim out of the purchase price without deductions of any kind. This procedure will protect the rights of all concerned and impair the rights of none.

In the first case, where the property was used for an illegal purpose by a mere bailee without the knowledge or consent of either the vendor in the conditional contract of sale or the purchaser, the property must, of course, be restored to the owner. In the other case, a decree will be entered in accordance with the facts as they may be shown to exist.