UNITED STATES v. SMITH et al. (C. I. T. CORPORATION, Intervener).

District Court, D. Idaho, S. D. May 6, 1929.

No. 1738.

H. E. Ray, U. S. Atty., and Sam S. Griffin, Asst. U. S. Atty., both of Boise, Idaho.

Paris Martin, of Boise, Idaho, for intervener.

CAVANAH, District Judge. This case is submitted upon the government's demurrer to the amended complaint in intervention. The C. I. T. Corporation, intervener, is the assignee of the vendor in a conditional sale contract of the automobile in question, and the transportation of the liquor was by Smith, Hendricks, and Totterdale, who were sentenced in this court for the unlawful transportation of liquor and other violations of the National Prohibition Act. Totterdale was the purchaser of the automobile. Intervener acquired title to the automobile by reason of the default of the purchaser to comply with the provisions of the conditional sale contract, and had no knowledge or reason to believe that the property was being used by Smith, Hendricks, or Totterdale for illegal purposes, or intended to be so used.

The case presents the identical question decided recently by this court upon a similar

state of facts in the case of U. S. v. Allen (Commercial Credit Co., Intervener) 31 F. (2d) 325, and the rule there announced applies to this case. But the government argues here in effect that the vendor, or his assignee, under a conditional sale contract, of an automobile, should be diligent and keep in touch with the manner of the use of the automobile by the purchaser, and, upon failure to do so, his property should be forfeited, in the event it turns out that the purchaser used it in the transportation of liquor, although he has no knowledge or reason to believe that the automobile is being used for such illegal purposes, and further urges that the same principle should apply as is invoked by the courts in abating a nuisance existing on premises under the National Prohibition Act. The distinction between the two cases is apparent, as, in the case where proceedings are instituted to abate an existing nuisance on premises, the owner has an opportunity at all times to observe the manner in which the premises are being used, and a duty of diligence is imposed in ascertaining how the premises are being used; while in the case where an automobile is sold and possession delivered to the purchaser under a conditional sale contract the vendor is not in a position to know where the automobile is, or the manner in which it is being used, as it is moved around from place to place without the knowledge of the vendor, so to apply the same rule in both cases would work a hardship and an injustice upon the vendor in the sale of an automobile.

Judge Rudkin, in the cases of U. S. v. Smith and U. S. v. Carlow (D. C.) 295 F. 624, which were cited with approval in the case of Jackson v. U. S. (9 C. C. A.) 295 F. 620, in referring to section 26, title 2, of the National Prohibition Act (27 USCA § 40), held: "This section does not undertake to define what will constitute good cause to the contrary, but by referring back to section 21 of title 2 of the act (Comp. St. Ann. Supp. 1923, § 10138½jj [27 USCA § 33]) it at once becomes manifest that the owner must show merely that he had no knowledge or reason to believe that the property was used or to be used for the illegal transportation of intoxicating liquor." It will be observed, from the reasoning advanced by the court in that case, "good cause" is shown by the owner when he merely shows that he had no knowledge or reason to believe that the property was used for the illegal transportation of liquor, and it seems that, when that is done, as appears in the complaint in this case, "good cause" has been established by the owner. The law recognizes as legitimate business the sale and purchase of conditional sale contracts, and when such a contract is assigned and transferred to another in good faith, and without knowledge on the part of the assignee that the automobile had been sold by the vendor to one then using or thereafter using it for illegal purposes, the property should not be forfeited to the government, unless it can be shown that such assignment of the contract was not bona fide, but done with knowledge of the assignee that the car was then being used, or intended to be used, or was thereafter used in the transportation of liquor, and the establishment of such knowledge depends upon the circumstances in the particular case. There may be circumstances in a particular case where the purchaser of an automobile is notoriously using it in the transportation of liquor, and the vendor is informed of the fact which would establish knowledge on his part; but that does not appear from the complaint in this case, as it is clearly stated there that the intervener, who is the owner of the automobile, did not know or have any reason to believe that this property was used for the illegal transportation of liquor.

It follows from what has been said that the demurrer should be overruled, and an order will be entered accordingly.