## AUTOMOBILE BROKERAGE CORPORATION v. UNITED STATES.
### No. 5046.

Court of Appeals of District of Columbia.
Argued Jan. 7, 1930.

Decided March 3, 1930.

Edwin C. Brandenburg and Louis M. Denit, both of Washington, D. C., for plaintiff in error.

Leo A. Rover and David A. Hart, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

This case relates to an order of the police court denying the claim of an intervener for a lien upon an automobile which had been seized when used in the illegal transportation of intoxicating liquors.

It appears that on July 25, 1928, the Curry-Stout Motor Company, dealers in automobiles, sold a Reo coupé car to one Louis Malinow of Baltimore, at the price of $1,880. A credit of $700 upon the price was allowed in trade for a used car, and the balance was made payable in monthly installments maturing during the succeeding twelve months. The purchaser executed his promissory notes for the installments, and secured them by the customary conditional sales contract. It was stipulated, as one of the terms of the contract, that the car should not be used for transporting or holding intoxicating liquor contrary to law, and that a violation of this term of the contract by the vendee should entitle the vendor to declare the entire debt due and payable and to take immediate possession of the car.

On the same day, the Curry-Stout Motor Company sold and transferred the notes and conditional sales contract to the Automobile Brokerage Corporation, the plaintiff in error herein, and represented that the purchaser Malinow was of good reputation, and that to the best of vendor's knowledge, information, and belief he was financially able to pay the notes and would not use or permit the automobile to be used to hold, carry, or transport intoxicating liquors contrary to law.

Malinow paid the notes falling due respectively on the 25th of August and September, 1928, and made no further payments.

On October 19, 1928, the car was seized in the District of Columbia while in the possession of Samuel Watchinsky and Yetta Watchinsky, and these persons were arrested upon a charge of unlawfully transporting intoxicating liquors therein. The parties Watchinsky entered a plea of guilty and were sentenced. There is no evidence whatever in the record tending to explain how they had come into possession of the car. The police court ordered that the car be sold, but permitted the plaintiff in error to intervene and set up its lien for the unpaid installments of the purchase price. The court heard this claim upon testimony and denied the same, whereupon the present writ of error was allowed.

It is contended by defendant in error that this court has no jurisdiction to entertain this appeal. This claim is based upon the language of section 227, D. C. Code, reading in part as follows:

"Sec. 227. Appeals from the Police Court.—If, upon the trial of any cause in the police court, an exception be taken by or on behalf of the United States, the District of Columbia, or any defendant to any ruling or instruction of the court upon matter of law, the same shall be reduced to writing and stated in a bill of exceptions * * *; and if, upon presentation to any justice of the court of appeals of the District of Columbia of a petition * * * setting forth the matter or matters so excepted to, such justice shall be of opinion that the same ought to be reviewed, he may allow a writ of error in the cause. * * *"

It is contended that, aside from the United States and the District of Columbia, this language limits the appellate jurisdiction of this court to a review of exceptions taken by defendants only. It is claimed that the plaintiff in error, as intervener, was not a "defendant" in the police court, and consequently cannot prosecute a writ of error to this court.

We do not agree with this argument. The statute permitted the lienor to intervene at the hearing in the police court in order to show that its lien was bona fide and created without notice that the vehicle was intended to be used in the illegal transportation of liquor. Title 2, § 26, National Prohibition Act (27 USCA § 40). The lienor thereby became a party to the proceeding with the right to produce evidence and to be heard in argument. Its attitude in the case was defensive in character, for it was called upon to show cause why the government should not confiscate the property free of its lien. Its relation to the case was essentially similar to that of the owner of the property. The government, as plaintiff, was seeking to de-

290

stroy its lien, whereas plaintiff in error was resisting such action. In general, one who has been allowed by order of the court to intervene in a cause, or who has been treated as a party thereto, may appeal from a judgment, order, or decree therein affecting his interests. 3 C. J. 639.

A similar question arose in Commonwealth v. Certain Intoxicating Liquors, John Ganey, Claimant, 122 Mass. 8. In that case, a proceeding was instituted for the forfeiture of certain intoxicating liquors kept and intended for sale. John Ganey was notified and appeared as claimant of the property. A question arose as to whether he thereby became a defendant under the statute which imposed the burden of proof upon a "defendant" asserting a license to sell such liquors. The court held that the claimant was a defendant within the sense of the statute.

The defendant in error also contends that the lienholder is not the party directly aggrieved in this proceeding, and moreover is protected by a policy of "confiscation insurance," and consequently is not entitled to prosecute this writ.

We think this argument is incorrect. A lienholder is certainly "directly aggrieved" if his lien be defeated, and, as to insurance, the record does not disclose that plaintiff in error has received any payment of such a character.

The defendant in error furthermore contends that the lienholder has failed to show good cause why the automobile should not be confiscated free of the alleged lien.

In our opinion, the record sustains the lienor's claim that its lien was bona fide and was created without the lienor having any notice that the automobile was being used or was to be used for the illegal transportation of liquor. There is evidence in the record that certain persons suspected Malinow or members of his family of bootlegging, but there is no evidence showing that the vendor of the car or the lienor had any knowledge of such a charge, or had been put upon notice concerning it. The vendor sought to protect itself against such misuse of the car by stipulating in the sales contract that it might repossess itself of the car should such misuse occur. The circumstances surrounding the sale were such as to lead the vendor to believe that no misuse of the car was intended, and there is no reason to believe that either the vendor or the lienholder had any actual knowledge or notice of any kind that Malinow would use the car in an illegal manner, or acquiesced in any such misuse. See

United States v. Sylvester (D. C.) 273 F. 253; Jackson v. United States (C. C. A.) 295 F. 620; United States v. Smith and Carlow (D. C.) 295 F. 624; Oakland Motor Car Co. v. United States (C. C. A.) 295 F. 626; Shelliday v. United States (C. C. A.) 25 F. (2d) 372; United States v. Allen (D. C.) 31 F.(2d) 325.

We therefore reverse the judgment and order of the police court, and remand the cause for further proceedings not inconsistent herewith.