BOSTON TOW BOAT CO. *v.* UNITED STATES ET AL.

No. 385.   Argued March 1, 2, 1944.—Decided April 3, 1944.

*Mr. Charles S. Bolster,* with whom *Mr. Albert T. Gould* was on the brief, for appellant.

*Mr. Robert L. Pierce,* with whom *Solicitor General Fahy, Assistant Attorney General Berge,* and *Messrs. Walter J. Cummings, Jr., Daniel W. Knowlton,* and *Edward M. Reidy* were on the brief, for the United States et al.; *Mr. Christopher E. Heckman* argued the cause, and *Mr. James A. Martin* was on the brief, for the National Water Carriers Association, Inc.,—appellees.

MR. JUSTICE BLACK delivered the opinion of the Court.

Appellant, Boston Tow Boat Company, was an intervenor in the proceedings before the Interstate Commerce

Commission leading to the Commission's decision against the Cornell Steamboat Company which we today have held was properly sustained by the District Court. *Cornell Steamboat Co.* v. *United States, post,* p. 634. When Cornell attacked the Commission's order in the District Court, Boston again intervened. 53 F. Supp. 349. Its petition for intervention, granted by the District Court, alleged that it operated tugboats in and about Boston harbor which rendered services somewhat similar to those rendered by Cornell in New York harbor; that Division 4 of the Commission had held it, Boston, covered by the Act; that it was aggrieved by the Commission's decision against Cornell "insofar as said decision holds that towers for hire are carriers and subject to the terms and provisions of Part III of the Interstate Commerce Act"; and that it desired to participate in the District Court proceedings "solely for the purpose of asserting . . . its said contentions regarding such jurisdictional issue." Boston's petition did not allege, and the record fails to show, that it had any financial interest in Cornell, or was engaged in competition with Cornell, or that its interests would be adversely affected by a decision against Cornell except insofar as that decision might establish a precedent holding tugboats subject to the Commission's jurisdiction under Part III of the Interstate Commerce Act. Boston's brief in this Court asserts that it has pending in the District Court for the District of Massachusetts a suit to enjoin and set aside the Commission's order holding Boston covered by the Act. In its brief Boston expressly seeks to reserve the right to contend in the Massachusetts proceeding "that the facts underlying its own towing operations are such as to bring the question of its status outside the scope of that of a carrier."

We are of opinion that Boston's interest in the outcome of the Cornell litigation is insufficient to entitle it to take a separate appeal. See Judicial Code, §§ 210, 212, as

amended, 28 U. S. C. §§ 47a, 45a. Whether Boston had sufficient interest to intervene as of right before the Commission and in the District Court we need not decide, the issue here being only whether Boston has such an "independent right which is violated" by the decision against Cornell as will support an independent appeal. *Alexander Sprunt & Son* v. *United States,* 281 U. S. 249, 255. Clearly it has not. See *Edward Hines Trustees* v. *United States,* 263 U. S. 143; *The Chicago Junction Case,* 264 U. S. 258, 266–269; *Alexander Sprunt & Son* v. *United States, supra; Pittsburgh & West Virginia Ry. Co.* v. *United States,* 281 U. S. 479, 486–488; *Moffat Tunnel League* v. *United States,* 289 U. S. 113; cf. *Kansas City Southern Ry. Co.* v. *United States,* 282 U. S. 760; *L. Singer & Sons* v. *Union Pacific R. Co.,* 311 U. S. 295.

*Appeal dismissed.*