**COGSWELL v. AIKEN et al.**

Nos. 1078, 1079.

Municipal Court of Appeals for the
District of Columbia.

Argued June 26, 1951.

Decided Aug. 6, 1951.

Opinion Modified Aug. 29, 1951.
See 83 A.2d 231.

Ruffin A. Brantley, Asst. General Counsel, Washington, D. C., for appellant Robert F. Cogswell, Administrator of Rent Control.

Herman Miller, Washington, D. C., for appellee E. M. Aiken.

Raymond Godbersen, Washington, D. C., for appellees John E. Lindholm and Ruth Louise McKinnon.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

A landlord filed two suits for possession of two apartments, alleging that the tenants were in default in payment of rent. The tenants filed answers denying owing rent and also filed counterclaims for alleged overcharges of rent under the Emergency Rent Act.[1] The cases were consolidated for trial and the trial court found in favor of the landlord on his claims for possession and against the tenants on their counterclaims. Thereafter the trial court granted leave to the Rent Administrator to intervene and at the same time denied motions for new trials. Judgments on the findings were entered and no appeal was taken by

1. Code 1940, Supp. VII, § 45–1601 et seq.

either tenant. However, the Rent Administrator noted an appeal and brought the cases here, urging that the judgments be reversed. The landlord, as appellee, has filed a brief in support of the judgment below. The tenants, also designating themselves as appellees, have filed a brief adopting as their own the brief of the Administrator.

Although not raised by appellee, the landlord, this court at oral argument questioned the right of the Rent Administrator, as intervenor, to prosecute this appeal in the absence of any appeal by the tenants. Since the point is jurisdictional, we must decide it.

The sole ground for the appeal is the ruling of the trial court that it was not bound by findings of fact of a rent examiner regarding the maximum rent ceiling on the premises in question as of January 1, 1941. Such findings, which were not appealed from, were made as a necessary part of an order by the Rent Administrator increasing the rent effective October 20, 1950, on petition of the present landlord.

 We believe the appeal was properly prosecuted by the Administrator. Not only is the Administrator by section 10(c) of the Act [2] given the right to intervene in any suit wherein a party relies for ground of relief or defense upon "this chapter or any regulation, order, or requirement thereunder," but under section 10(a) of the Act [3] he is given the right "on behalf of such tenant" to bring suit for the recovery of rent overcharges.

In Brown v. American Stores, D.C.Mun. App., 32 A.2d 388, an action under the Emergency Price Control Act,[4] we allowed an appeal by the Administrator of Price Control as intervenor although he had not been a party to the judgment below and although the losing party in the trial court did not seek to appeal. The provision of

the Emergency Price Control Act as to intervention was practically identical with the intervention part of the Emergency Rent Act. Although reversing the decision of this court on other grounds, the United States Court of Appeals allowed the Administrator to appeal to that court, saying, "His right to be here is clear and undisputed." Bowles v. American Stores, 78 U.S App.D.C. 238, 139 F.2d 377, 378.[5]

 It is urged that the Administrator did not follow rule 23A(c) of the trial court, based on Fed.Rules Civ.Proc. rule 24 (c), 28 U.S.C.A., providing that a person desiring to intervene shall serve a motion to intervene upon all parties affected thereby, accompanied by a pleading setting forth the claim. The rule provides that the same procedure shall be followed when a statute of the United States gives a right to intervene. But intervention by the Rent Administrator without following the procedure prescribed by the rule was allowed by the trial court, and we do not think he should now be deprived of his rights as intervenor because of such procedural defect. It is also urged that an intervenor in order to maintain an independent appeal must have an independent right which is violated by the judgment below. But cases cited in support of this proposition deal either with private intervenors or others not given a statutory right to intervene.[6] As opposed to such arguments, based largely upon rules of court, we are clear that the Administrator, for the benefit of all litigants, has the clear right to use every means available, including that of appeal, to insure that his orders and regulations, when promulgated under the Act, are made effective.

Coming to the merits of the appeal, the only evidence as to the rent ceiling for the two apartments involved was contained in orders of the Rent Administrator. These orders, issued under section 4(b) of the

---

2. Code 1940, Supp. VII, § 45–1610(c).

3. Code 1940, Supp. VII, § 45–1610(a).

4. Public Law 421, 77th Cong., 2d Sess., chap. 26. 50 U.S.C.A.Appendix § 901 et seq.

5. Cf. Securities & Exchange Commission v. United States Realty & Improve-

ment Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293.

6. Boston Tow Boat Company v. United States, 321 U.S. 632, 64 S.Ct. 776, 88 L. Ed. 975; City of Chicago v. Chicago Rapid Transit Company, 284 U.S. 577, 52 S.Ct. 2, 76 L.Ed. 501.

Act,[7] granted a 10% increase over the rents in effect January 1, 1941, which were found to be $51.50 and $40.50 per month for the respective apartments. The trial judge excluded a schedule filed in the Administrator's office by a former owner showing the January 1, 1941, rents to be the same as those recited in the subsequent order increasing the rents.

 The trial court, as a basis for its ruling against the tenants on their counterclaims, held that they had failed to establish the rent ceilings as found previously by the Rent Administrator. This ruling, we think, was error. The findings were ones which the Rent Administrator was authorized to make and, indeed, were necessary to his order increasing the rent ceilings. That order was for percentage increases and thus required bases to be effective. The present landlord accepted such increases and is estopped from attacking the findings upon which the increases were based.

Our ruling is in accord with our decision in Bischoff v. Person, D.C.Mun.App., 73 A. 2d 716, in which we held that a finding by a rent examiner as to minimum service standards in effect January 1, 1941, made in connection with an order increasing rents, from which no appeal was taken, was binding on the Municipal Court and on this court. The present case is clearly distinguishable from Evans v. Schlein, D.C.Mun. App., 61 A.2d 32. There a tenant, in an original petition, asked the Rent Administrator to determine the January 1, 1941, maximum rent ceiling. The Administrator dismissed the petition. We held that the Administrator, *in such a proceeding,* had no authority to make any determination at all. That case, upon which the trial judge based his present decision, differs fundamentally from the present one.

There has been no attack here on the trial judge's finding that defendant Ruth McKinnon owes rent of $44.50 for the period November 6, 1950, to December 5, 1950, and that defendant John E. Lindholm owes rent of $57.42 for the period November 8, 1950, to December 7, 1950. Those findings, therefore, remain undisturbed. The findings in both cases as to rent overcharges are reversed and the trial court is directed to enter judgment on the counterclaims for defendants in accordance with law. The trial court is also instructed to make findings as to the amounts owing by plaintiff to defendants and as to counsel fees (in behalf of individual defendants only and on account of the proceedings in the trial court only) and costs.

Remanded with instructions.

HOOD, Associate Judge (dissenting).

I think these appeals should be dismissed because I do not believe the Administrator is entitled to maintain them. Section 10(c) of the rent act provides: "The Administrator may intervene in any suit or action wherein a party relies for ground of relief or defense upon this Act or any regulation, order, or requirement thereunder."[1] The act creating this court permits appeals by "Any party aggrieved by any final order or judgment".[2] The question is whether the Administrator is a party aggrieved by the judgments below to the extent that he is enabled to maintain independent appeals.

An intervenor who has a real interest in the litigation may maintain an independent appeal to protect that interest.[3] And a public agency, charged with protection of public interests, which has intervened in litigation, may maintain an independent appeal from a judgment affecting such interests.[4] But an intervenor in order to maintain an

7. Code 1940, Supp. VII, § 45–1604(b).
1. Code 1940, Supp. VII, § 45–1610(c).
2. Code 1940, Supp. VII, § 11–772(a).
3. Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505, certiorari denied, 323 U.S. 777, 65 S.Ct. 190, 89 L.Ed. 621; Automobile Brokerage Corporation v. United States, 59 App.D.C. 243, 39 F.2d 288; Fishgold v. Sullivan Drydock & Repair

Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L. Ed. 1230.
4. Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293; State of Texas v. Anderson, Clayton & Co., 5 Cir., 92 F.2d 104, certiorari denied, 302 U.S. 747, 58 S.Ct. 265, 82 L. Ed. 578.

independent appeal must have an "independent right which is violated" by the judgment below.[5] An intervenor whose rights are not affected by the judgment has no right to appeal for the mere sake of establishing a precedent.[6]

The rent act gave the Administrator the right to intervene in these cases but it does not necessarily follow that he has the absolute right to maintain independent appeals. The statutory right to intervene is subject to rules of court. Under the trial court's rule 23A, based on F. R. C. P. rule 24, application to intervene must be timely, whether asserted as a matter of right or requested as a matter of discretion.[7] Rule 23A(c) of the trial court, based on F. R. C. P. rule 24(c), provides: "A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene." The Administrator filed no pleading in this case setting forth the claim or defense for which intervention was sought, and as far as I am advised his practice is merely to ask leave to intervene.

Evidently the Administrator recognized that his status in these cases is that of an adviser rather than that of a true intervenor. Otherwise we have to assume that he either was ignorant of the rule or deliberately chose not to comply with it. One who is permitted to intervene and who wishes to acquire the status of a party to the proceeding ought to file a pleading setting forth his position and aligning himself with respect to the issues in the case. Actually there were no issues in these cases affecting any right of the Administrator or any public interest. The cases presented private litigation between private parties. When the findings of the trial court were announced the Administrator felt that the trial court had decided the cases against the tenants on an erroneous interpretation of two decisions of this court. The tenants took no appeal. The Administrator undertook to appeal, saying that the tenants were entitled to prevail and asking this court to so hold. In short, the Administrator is not seeking to vindicate his rights or protect his interests or the interests of the public generally, but is seeking by these appeals to do for the tenants what they failed to do for themselves.[8] I do not think the Administrator by the process of intervening can step into the place of the tenants and assume control of the litigation. Under section 10(a) [9] of the rent act the Administrator may bring suit on behalf of a tenant for violation of a rent ceiling or service standard, but there is no provision that the Administrator may take an appeal on behalf of a tenant who has initiated the litigation. This court is reversing judgments from which no party to the judgments has appealed. Ordinarily a reversal redounds to the benefit of only those who have appealed.[10] There are situations where an appeal by an intervenor may result in vacation of a judgment against one who has not appealed, but in such situations the intervenor has an appealable interest.[11] This is not such a case. I am not saying that under no circumstances can the Administrator as intervenor maintain an independent appeal,[12] but my view is that in

5. Boston Tow Boat Co. v. United States, 321 U.S. 632, 64 S.Ct. 776, 777, 88 L.Ed. 975; City of Chicago v. Chicago Rapid Transit Co., 284 U.S. 577, 52 S.Ct. 2, 76 L.Ed. 501.

6. See dissenting opinion of Black, J., in Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230.

7. Cameron v. President and Fellows of Harvard College, 1 Cir., 157 F.2d 993; Miami County Nat. Bank of Paola, Kan. v. Bancroft, 10 Cir., 121 F.2d 921; Simms v. Andrews, 10 Cir., 118 F.2d 803.

8. Cf. Spriggs v. Stone, 85 U.S.App.D.C. 95, 174 F.2d 671.

9. Code 1940 Supp. VII, § 45–1610(a).

10. See Gibson v. Industrial Bank of Washington, D.C.Mun.App., 36 A.2d 62.

11. Interstate Commerce Commission v. Oregon-Washington R. & Nav. Co., 288 U.S. 14, 53 S.Ct. 266, 77 L.Ed. 588.

12. See Bowles v. American Stores, 78 U.S. App.D.C. 238, 139 F.2d 377, certiorari denied, 322 U.S. 730, 64 S.Ct. 947, 88 L. Ed. 1565.

the cases before us the Administrator is not a party aggrieved by the judgments below and is not entitled to appeal.[13]

It seems to me that the effect of this court's decision is that whenever a case involving the rent act is decided by the trial court in a manner deemed erroneous by the Administrator, he may proceed to intervene and appeal the case even though the party aggrieved takes no appeal. I do not think the rent act contemplated such a result.

**13.** Anderson v. Carder, 159 Kan. 1, 150 P.2d 754. See also State ex rel Bowles v. Olson, 175 Ore. 98, 151 P.2d 723. Cf.

Zwang v. A. & P. Food Stores, 181 Misc. 375, 46 N.Y.S.2d 747.