COGSWELL v. AIKEN et al.
Nos. 1078, 1079.

Municipal Court of Appeals for the District of Columbia.

Decided Aug. 29, 1951.

Ruffin A. Brantley, Asst. Gen. Counsel, Washington, D. C. for Robert F. Cogswell, Adm'r of Rent Control, appellant.

Herman Miller, Washington, D. C. for E. M. Aiken, appellee.

Raymond Godbersen, Washington, D. C. for John E. Lindholm and Ruth Louise McKinnon, appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellee, E. M. Aiken, has filed a motion to reconsider our decision in these cases or in the alternative to modify our opinion. We have concluded that the motion to modify should be granted in certain respects which were not mentioned previously in either briefs or oral argument.

We ordered that the findings in both cases as to rent overcharges be reversed and the trial court was directed to enter judgment on the counterclaims for defendants "in accordance with law." The trial court was also instructed to make findings as to the amounts owing by plaintiff to defendants and as to counsel fees (in behalf of individual defendants only and on account of proceedings in the trial court only) and costs.

Appellee now urges that the statute of limitations applies to at least a portion of the counterclaims. We of course noticed this fact but did not discuss it because such defense was not pleaded and because the statement of proceedings and evidence did not show the subject was discussed at trial. Appellee now urges that the subject was discussed fully at trial. Ordinarily we do not consider any matter not included in the statement of proceedings and evidence, but the circumstances of this case are peculiar in that the appeal was taken by the Administrator of Rent Control who therefore framed the issues on appeal. In view, therefore, of the liberalty with respect to amendments of the rules of the Municipal Court, we have concluded that in its consideration of the amounts to be allowed on the countercharges the trial court should be authorized to take into account the statute of limitations provided appropriate pleadings are filed.

Appellees also urge that since defendants did not appeal they should not be allowed any counsel fees. In our previous opinion we limited defendants to counsel fees in the trial court (where they were represented by counsel) and left the amounts to the discretion of the trial court. The statute, Code 1940 Supp. VII, § 45–1610 (a), appears to make the allowance of counsel fees in such cases mandatory. We have concluded, therefore, that in this respect the amounts to be allowed should be left to the discretion of the trial court.

On all other points raised by appellee in his motion we adhere to our previous opinion.

HOOD, Associate Judge (dissenting).

I dissented from the original opinion in these cases and I feel that this supplementary opinion illustrates the complications which are bound to arise when an appeal is permitted to be taken from a judgment by one who is not a party to that judgment.