**AIKEN v. COGSWELL et al. (two cases).**
**Nos. 11176, 11177.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 14, 1952.

Decided Nov. 28, 1952.

Herman Miller, Washington, D. C., for appellant.

Ruffin A. Brantley, Assistant General Counsel, Washington, D. C., with whom Ernest F. Williams, General Counsel, Washington, D. C., was on the brief, for appellee Robert F. Cogswell, Administrator of Rent Control for the District of Columbia.

Raymond Godbersen and Robert J. Winburn, Washington, D. C., entered appearances in behalf of the appellees Ruth Louise McKinnon and John E. Lindholm.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

These are appeals from a judgment of the Municipal Court of Appeals. Appellant, a landlord, brought two actions in the Municipal Court for possession of two apartments for non-payment of rent for a month, November–December, 1950. The tenants, our present individual appellees, denied the rent claims and filed counterclaims for overpayments of rent during the period 1944–1950. The controversies revolved about the maximum rent ceilings for the apartments. It appeared that in October, 1950, proceedings had been had before an examiner in the office of the Rent Administrator upon petitions of the landlord (our present appellant) for adjustments upward of the rent ceilings,[1] our present individual appellees, as tenants, being parties to those proceedings. A hearing was had, findings and conclusions were made, and 10 per cent increases in the rents were authorized effective October 20, 1950. Among the findings of fact were findings of the maximum rent ceilings for these apartments on January 1, 1941, and these amounts were the bases upon which the increases were granted and computed. Under the Rent Act the findings and recommended orders of the examiner became the findings and orders of the Administrator.[2] No appeal was taken in those proceedings.

Upon the trial (consolidated) of the present proceedings the Municipal Court found for the landlord both on the claims for possession and on the counterclaims for the alleged overcharges. The findings upon the claims for possession have not been disputed.

The ground upon which the trial court found for the landlord on the counterclaims was that the tenants had failed to establish what the maximum rent ceilings were. The court held that the Administrator's findings of those ceilings were not binding upon the court.

Before judgments were entered on the findings, the Rent Administrator intervened in the Municipal Court, pursuant to statutory authority to do so.[3] Upon the entry of the judgments in accord with the findings, the Administrator appealed. The tenants did not note appeals but appeared in the Municipal Court of Appeals as appellees. That court reversed the judgments of the trial court in respect to the counterclaims.

Three points were presented upon the appeal: (1) whether the Administrator,

1. Sec. 4(b) of the D.C.Rent Act, 55 Stat. 790 (1941), 64 Stat. 310 (1950), D.C. Code, § 45–1604(b) (1951).

2. Sec. 8(c), 55 Stat. 792 (1941), D.C. Code, § 45–1608(c) (1951).

3. Sec. 10(c) of the Act, 55 Stat. 794 (1941), D.C.Code, § 45–1610(c) (1951).

having intervened in the trial court before judgment was entered, could appeal; (2) whether an Administrator's finding of fact, concededly authorized and material to the unappealed ruling made by him in the matter then in controversy, can subsequently be attacked in another proceeding between the same parties; and (3) whether a party who does not note an appeal may receive the benefits of a reversal of an adverse decision of the trial court. The Municipal Court of Appeals, in an extensive opinion by Judge Clagett,[4] considered and ruled upon all three points. We agree with its reasoning and its conclusions. Its judgment is, therefore,

Affirmed.

---

4. Cogswell v. Aiken, D.C.Mun.App., 1951, 82 A.2d 749, modified, D.C.Mun.App., 1951, 83 A.2d 231.