**Laurence and Mary BODKIN, Appellants,**

v.

**UNITED STATES of America,**
**Cross-Appellants.**

**No. 25466.**

United States Court of Appeals
Second Circuit.

Submitted Feb. 26, 1959.

Decided April 15, 1959.

tain an appeal, see, e. g., Boston Tow Boat Co. v. United States, 1944, 321 U.S. 632, 64 S.Ct. 776, 88 L.Ed. 975, and that the value of the precedent may be measured when it is sought to be applied against the litigant in a subsequent case. See United States v. Sclafani, 2 Cir., 265 F.2d 408, which expressly disapproves Matter of Bodkin, D.C.E.D.N.Y.1958, 165 F.Supp. 25.

Corcoran, Kostelanetz, Gladstone & Lowell, New York City, for appellants.

Before MADDEN, Judge, United States Court of Claims,* LUMBARD and MOORE, Circuit Judges.

PER CURIAM.

■ The appellants' petition for rehearing after denial of its motion to dismiss the government's cross-appeal as moot is hereby granted. The appeal is moot because the appellant has stipulated to grant the government all the relief to which it could be entitled on a successful appeal. See e. g., Acheson v. Droesse, 1952, 90 U.S.App.D.C. 143, 197 F.2d 574. Accordingly we dismiss the appeal, vacate the district court's judgment, and remand with directions to dismiss the complaint. United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36.

■ The government has argued that its interest in the effect of the district court's decision as precedent entitles it to a hearing on the merits in this court. It is well established that the interest of a litigant in a controversy solely for its effect as precedent is insufficient to sus-