**Lois Evelyne SHAFF, Plaintiff,**

v.

**UNITED STATES of America, Dr. Mark Hans, Secretary of the Air Force, and Max Cleand, Administrator of Veterans Affairs, Defendant.**

**Luz Zoraida Velandia SHAFF, Plaintiff-in Intervention-Appellant,**

v.

**Lois Evelyne SHAFF, United States of America, Dr. Mark Hans, Secretary of the Air Force, and Max Cleand, Administrator of Veteran Affairs, Defendants-in-Intervention-Appellees.**

**No. 82–4041.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1982.

Decided Jan. 4, 1983.

John J. Ford, III, San Francisco, Cal., for plaintiff.

Jerry K. Cimmet, San Francisco, Cal., for defendant.

Before WALLACE, KENNEDY and NELSON, Circuit Judges.

NELSON, Circuit Judge:

This case concerns a dispute between two women, Lois Shaff and Luz Shaff, each of whom claims to be the proper beneficiary of an annuity under the military Survivor Benefit Plan, 10 U.S.C. §§ 1447–1455 (SBP). SBP provides annuity benefits to designated survivors upon the death of a participating military retiree. The District Court found Lois Shaff, the deceased retiree's first wife, to be the "eligible widow" entitled to the annuity under 10 U.S.C. § 1450(a)(1). Accordingly, the District Court granted summary judgment in favor of Lois Shaff and against Luz Shaff, the retiree's second wife. We agree that Lois Shaff is Major Shaff's legal widow, but for the reasons set forth below, we reverse the summary judgment in her favor and remand.

## I. FACTS

Major Donald Shaff married Lois Shaff in 1947. In 1953, Donald and Lois moved to California, where Lois still lives. From 1959–1962, Shaff was stationed in Colombia, where he lived without Lois except for occasional visits.

Major Shaff met Luz Zoraida Velandia while in Colombia, and had a child by her in December 1962. Major Shaff returned to live with Lois in California in 1962, and retired from the Air Force in 1964. In 1967, Major Shaff went back to Luz in Colombia. He never saw nor spoke to Lois again, and kept his whereabouts secret from her the rest of his life.

In March 1973, Major Shaff obtained an ex parte divorce from Lois in the Dominican Republic. Notice of the divorce was published only in a Dominican newspaper. Lois first learned of the divorce in a cryptic letter from Major Shaff in 1974.

Major Shaff married Luz Shaff one month after the divorce in 1973. One month after that, he elected to participate in the SBP, naming as beneficiaries his "wife and children." On the election certificate, Major Shaff identified his wife as Luz Shaff. Major Shaff's children are Donald, Jr., born 1962, and Leo, born 1974. He had no children by Lois.

Major Shaff died in 1978. Luz claimed benefits under the SBP. Donald, Jr., and Leo were named on the claim application form. The Air Force paid annuity benefits to Luz under the SBP until Lois made a claim for benefits as Shaff's lawful widow. Payments have been suspended pending the resolution of this dispute.

## II. PROCEDURAL BACKGROUND

Lois sued to compel the Air Force to pay the annuity benefits to her as Major Shaff's legal widow. Luz intervened. On cross-motions for summary judgment, the District Court found that Lois was Major Shaff's lawful widow and entitled to the annuity benefits under the SBP. The court denied Luz's motion for summary judgment, and granted summary judgment to Lois and the Federal parties as defendants-in-intervention and dismissed Luz's complaint-in-intervention. The court granted summary judgment in favor of Lois as plaintiff and against the Federal parties as defendants. Luz appeals.[1]

## III. ISSUES AND STANDARD OF REVIEW

The issues in this case are:

1. Whether the District Court was clearly erroneous in concluding that Lois is Major Shaff's legal widow; and

2. Who is entitled to the annuity benefit.

Because this is an appeal from a summary judgment, we engage in an independent review to determine whether summary judgment is proper. *Gaines v. Haughton,* 645 F.2d 761, 769 (9th Cir.1981). However, we accept on review the District Court's interpretation of the state family law unless it is clearly erroneous. *Id.* at 770.

## IV. DISCUSSION

Under the SBP, annuity benefits are paid to the survivors of a participating military retiree pursuant to 10 U.S.C. § 1450, which provides:

(a) Effective as of the first day after the death of a [participating retiree] ... a monthly annuity ... shall be paid to—

(1) the eligible widow or widower;

(2) the surviving dependent children in equal shares, if the eligible widow or widower is dead, dies, or otherwise becomes ineligible under this section;

(3) the dependent children in equal shares if the [participating serviceperson] ... elected to provide an annuity for dependent children but not for the spouse; or

(4) the natural person designated ... if there is no eligible beneficiary under clause (1) or (2).

In order to be entitled to the annuity, Luz must qualify as an "eligible widow." 10 U.S.C. § 1450(a)(1). The statute defines the term "widow" to mean the "surviving wife" of the retiree, 10 U.S.C. § 1447(3), but does not define "wife." That definition must be found in the state family law, since domestic relations are a matter of state

[1.] The Federal Defendants did not appeal the summary judgment against them in favor of Lois. No disposition of this appeal could adversely affect their interests since their position is analogous to that of an interpleader. The summary judgment between Lois and the Air Force does not directly affect Luz's interests because we affirm summary judgment against Luz as intervenor; as a general rule, Luz as intervenor would not have standing to appeal that part of the judgment because it does not affect her interests. 7A C. Wright and A. Miller, Federal Practice and Procedure § 1923, at 632–33 (1972); *See Boston Tow Boat Co. v. United States,* 321 U.S. 632, 64 S.Ct. 776, 88 L.Ed. 975 (1944); *Smuck v. Hobson,* 408 F.2d 175 (5th Cir.1969) cited in *Spangler v. Pasadena City Board of Education,* 427 F.2d 1352 (9th Cir.1970). Nonetheless, we have jurisdiction to review that part of the judgment, because the part of the judgment from which Luz is entitled to appeal is so closely interwoven with the summary judgment between Lois and the Air Force that its consideration is necessary to determine Luz's rights. *See Moitie v. Federated Department Stores, Inc.,* 611 F.2d 1267 (9th Cir.1980), *rev'd on other grounds* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *see also Kicklighter v. Nails by Jannee, Inc.,* 616 F.2d 734 (5th Cir.1980), and *In re Estate of McDill,* 14 Cal.3d 831, 840, 122 Cal.Rptr. 754, 759, 537 P.2d 874, 879 (1975). To do otherwise would be to favor form at the expense of substance, *Bryant v. Technical Research Co.,* 654 F.2d 1337 (9th Cir.1981), and permit an unjust result in this case.

law. *See Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1, 10–11 (1979).

The District Court found that California law would not recognize Major Shaff's Dominican Republic divorce, and therefore that Major Shaff's marriage to Luz would be illegal and void as a bigamous subsequent marriage under California Civil Code § 4401. The District Court reasoned that the divorce would be invalid in California as against public policy because: 1) Lois had no notice of the proceedings, *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), *In re La Opinion,* 10 Cal.App.3d 1012, 1019 n. 3, 89 Cal.Rptr. 404, 409 n. 3 (1970); and 2) the Dominican Republic had no legitimate interest in the marriage since neither Donald nor Lois resided there, *Crouch v. Crouch,* 28 Cal.2d 243, 249, 169 P.2d 897 (1946). The District Court was not clearly erroneous in its application of the California family law, and we accept its conclusion that Lois, not Luz, is Major Shaff's legal widow. Accordingly, we affirm the District Court's summary judgment against Luz.

■ However, we cannot agree with the District Court that Lois is entitled to the annuity. For existing retirees as of 1972, the SBP is a voluntary plan, in which existing retirees must affirmatively elect to participate.[2] Act of September 21, 1972, Pub. L.No. 92–425 § 3(b), 86 Stat. 706, 711–712, as amended by Department of Defense Appropriation Authorization Act of 1974, Pub. L.No. 93–155, Title VIII § 804, 87 Stat. 605, 615 (1973); Dept. of Defense Directive No. 1332.27, §§ 601(a), 601(b) (1974). Under the SBP, a portion of the participant's retired pay is deducted to provide an annuity to survivors after the retiree's death. A participating retiree may designate as beneficiary either the spouse, the spouse and children, or the children only.[3]

In this case, while Major Shaff elected to participate, it is clear that his election was based on a desire to provide the annuity for Luz and their children. He elected to participate in the SBP one month after marrying Luz, and identified her on the election certificate as his spouse. Major Shaff did not elect to participate for Lois's benefit. He elected to provide benefits to his "wife and children" in the mistaken belief that Luz was his spouse.

Since the election was voluntary, we find that the mistake invalidates Major Shaff's election to provide an annuity for his spouse. Accordingly, Lois is not entitled to the annuity, and the summary judgment in her favor is reversed. Furthermore, the surviving dependent children become the sole designated beneficiaries; the annuity should be paid under 10 U.S.C. 1450(a)(3). We therefore remand the case for appropriate proceedings not inconsistent with this opinion.

REVERSED IN PART AND REMANDED.

---

**2.** For those retirees initially entitled to retired pay on or after September 21, 1972, participation in the plan is automatic, unless the person elects *not* to participate. 10 U.S.C. § 1448(a)(2)(A).

**3.** An unmarried retiree who has no dependent children may designate as a beneficiary a natural person with an insurable interest in the retiree, 10 U.S.C. § 1448(b), but that beneficiary will only be paid the annuity if there is no eligible spouse or child upon the retiree's death. 10 U.S.C. § 1450(a)(4).