**WADLEY et al. v. GAUNCE et al.**

No. 8266.

Circuit Court of Appeals, Fifth Circuit.

Jan. 13, 1937.

Rehearing Denied Jan. 30, 1937.

380

W. H. Sanford, of Dallas, Tex., and Conan Cantwell, of Jefferson, Tex., E. M. Bramlette and Carl W. Wade, both of Longview, Tex., and J. A. R. Moseley, Jr., of Texarkana, Tex., for appellants.

John Davis and Harry Preston Lawther, both of Dallas, Tex., and Clyde O. Eastus, of Fort Worth, Tex., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal is taken from an interlocutory order appointing a receiver for a mineral lease of land on which appellants are operating oil wells. The order has been suspended pending our decision. Appellee Bailey Gaunce prior to April 30, 1935, owned the lease and sold fractional interests or "units" to about 1,412 persons, making to each a conveyance but reserving a power to sell the lease in his discretion and binding himself to remit to each his pro rata share of the proceeds. Gaunce was convicted of using the mails to defraud, and while awaiting removal to serve his sentence sold the lease for himself and as attorney in fact under the power for 32 of the unit holders whose conveyances were of record. He did not remit any of the proceeds. The appellants claim to have known nothing of any other unit holders, and since the conveyances of the latter were not recorded, contend that good title as against them was conveyed by Gaunce. The judge found, however, that the circumstances were such as to charge the purchasers with notice both of the unrecorded titles and of a fraudulent purpose of Gaunce, and that all the unit holders, some of whom are here suing in behalf of the whole class, will probably recover, and are entitled to a receivership pending the suit, although no waste or mismanagement of the property was shown, and the appellants are amply solvent and offer to give bond in any amount required to account for the oil taken.

We express no opinion on the merits of the case. Supposing that the unit holders prevail, they would not have the whole title, but Gaunce's part of it would still remain in appellants who are in possession. To turn them out in advance of a trial of the title and impose on the business the expense of a receivership we do not think is warranted by the circumstances. The wells are being operated in an orderly, efficient way; only a limited and known amount can be taken from them under the supervision of the Texas Railroad Commission. Not only are the appellants amply able to respond if they lose, but they offer to give bond. The bond ought to be accepted in lieu of the receivership. Folk v. United States (C.C.A.) 233 F. 177; 53 C.J., Receivers, §§ 11, 30. The order appealed from is reversed, with direction to fix a fair bond with good security to protect the interests of petitioners pending the litigation, and on the bond being duly filed to deny a receiver.

Judgment reversed.