### In re BROOKLYN PAWNBROKERS, Inc.
### In re SHAPIRO.

District Court, E. D. New York.

May 29, 1941.

Shereff Brothers, of New York City (Louis H. Shereff, of New York City, of counsel), for petitioner.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondent.

MOSCOWITZ, District Judge.

This is a motion by Brooklyn Pawnbrokers, Inc., and Ethel Shapiro, as secretary thereof, to vacate an ex parte order of this court requiring Ethel Shapiro, as secretary of Brooklyn Pawnbrokers, Inc., to appear before an internal revenue agent to be examined concerning the tax liability of Brooklyn Pawnbrokers, Inc., for the years 1930 to 1938 inclusive, and to produce with her the general ledger, cash records, subsidiary accounting records and minute records of the corporation bearing upon the tax liability of the taxpayer for those years. This motion is based upon the contention that, the statute of limitations having run on the tax liability for all of these years (including that for the year 1938 by the time this matter was submitted to the court), the government should not now be permitted to conduct an examination as to these years.

It has become a general rule of practice for the courts to deny the government examinations in connection with tax years as to which the statute of limitations has run, except in fraud cases. Farmers' & Mechanics' National Bank of Philadelphia v. United States, 3 Cir., 11 F.2d 348; Matter of Morris & Cummings Dredging Co., D.C., S.D.N.Y., 9 A.F.T.R. 1665; In re Andrews' Tax Liability, D.C.,

D.Md., 18 F.Supp. 804. What is necessary to justify the fraud exception is the question before this court for determination.

The issue presented is one of conflicting interests of government and taxpayer. On the side of the government, there is the importance of full examination in order to develop facts which are known only to the taxpayer. Cf. Bolich v. Rubel, 2 Cir., 67 F.2d 894. On the side of the taxpayer there is the privilege of being free from unreasonable examinations particularly where the statute of limitations has run and set the matter in a state of justifiable repose. Fraud, of course, vitiates the taxpayer's right to claim this repose.

■ Clearly the government, in order to justify an examination, should not be required to prove actual fraud. To set the requirement that high would make the examination valueless, for if the examination is necessary to help prove fraud, to require proof of fraud in order to obtain the examination is obviously to present the government with an impossible situation. On the other hand, to permit the government to examine as to statute barred years upon a mere conclusory allegation of fraud is to deprive the taxpayer of that freedom from unreasonable harassment which he has a right to expect under a democratic form of government. The solution, it would appear, as pointed out in In re Andrews' Tax Liability, supra, is to require the government to set forth facts which lead it to believe that there may have been fraud entitling it to examine as to statute barred years. The court can then determine whether the suspicion of fraud has sufficient basis in fact to justify the examination.

■ In the case at bar, the government's affidavit in support of its examination states only "that the taxpayer wilfully and fraudulently understated its gross income for the years involved". This is little more than the statement of a conclusion. Certainly it is no undue burden to require the government to set forth facts leading it to suspect that there may have been fraud.

The motion is therefore granted without prejudice to the right of the government to seek an examination upon setting forth facts affording reasonable basis for a suspicion of fraud.

Settle order on notice.