## ILLINOIS PACKING CO. v. RECONSTRUCTION FINANCE CORPORATION.

### No. 8720.

Circuit Court of Appeals, Seventh Circuit.

Aug. 7, 1946.

Rehearing Denied Sept. 4, 1946.

---

Irwin N. Walker and Peter B. Atwood, of Walker & Atwood, all of Chicago, Ill., for appellant.

Lee Walker and Stephen R. Chummers, both of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff, in a suit brought to enjoin defendant from refusing to pay to plaintiff certain meat subsidies claimed to be due it as a live-stock slaughterer within the terms of Amendment No. 2 (9 Fed.Reg. 1820) to Regulation No. 3 (8 Fed.Reg. 10826) issued by the Defense Supplies Corporation, appeals from a decree dismissing its complaint for lack of jurisdiction. Amendment No. 2 established a special subsidy of 80 cents per cwt. to non-processing slaughterers of cattle and attached certain conditions to the payment of the subsidy. For the background of this special subsidy to non-processing slaughterers, together with relevant statutory provisions and provisions of executive and administrative orders, see Gibbs v. Defense Supplies Corp., Em.App., 155 F.2d 525.

Plaintiff is a Delaware corporation engaged in the business of live-stock slaughtering. Its principal place of business is in Chicago. Defense Supplies Corporation, the original defendant, is a wholly-owned subsidiary of the Reconstruction Finance Corporation, which was substituted as defendant during the pendency of this appeal. (For convenience both government corporations will be referred to as defendant.) On October 25, 1943, Fred M. Vinson, the Director of the Office of Economic Stabilization, pursuant to the authority vested in him by the Stabilization Act of 1942, 56 Stat. 765, 50 U.S.C.A.Appendix, § 961, Executive Order 9250, 50 U.S.C.A.Appendix, § 901 note, 7 Fed.Reg. 7871, and Executive Order 9328, 50 U.S.C.A.Appendix, § 901 note, 8 Fed.Reg. 4681, issued a directive, 8 Fed.Reg. 14641, which provided for the maintenance of live-stock prices within a range consistent with the purposes of the stabilization and production programs, and directed the Price Administrator and the War Food Administrator to determine, publish and certify to defendant live cattle prices at points other than in Chicago, and directed defendant to amend its Regulation No. 3 to conform to the directive. Accordingly, on October 30, 1943, the controversial Amendment No. 2 to Regulation No. 3 was promulgated. The amendment contains a provision that any slaughterer 10% or more of whose capital stock is owned or controlled by a processor or purveyor of meat is disqualified from any subsidy.

On December 9, 1943, plaintiff filed its first of six monthly claims, covering the period from November 1, 1943, to April 29, 1944, for subsidies accruing from the slaughter of cattle under the provisions of Amendment No. 2 and was paid $308,520.-08. In the six claims filed by plaintiff, it certified that no person who processes fresh beef or sells or dispenses fresh or processed meat or products containing meat had during any part of the period covered by the claims "owned or controlled directly or indirectly in excess of 10% of any class of outstanding stock of the applicant." A claim of $52,789.84 for the month of May, 1944, was denied by defendant on the ground that plaintiff did not then qualify, nor had it previously, as a non-processing slaughterer of beef under the provisions of the Amendment, because 10% or more of plaintiff's stock was owned by Pfaelzer Bros., a processor or purveyor of meat, and defendant notified plaintiff that no additional subsidy claims would be paid until the sum of $308,520.08, which had been erroneously paid, was recouped. It was upon this state of the record that plaintiff filed its complaint alleging the invalidity of Amendment No. 2.

Defendant moved the court to dismiss the complaint on the ground that the court lacked jurisdiction of the subject matter. A hearing was had and the court held that the payment of the subsidies by defendant was an exercise of the powers conferred under the provisions of §. 2(e) of the Emergency Price Control Act of 1942, as

amended, 56 Stat. 23, 50 U.S.C.A.Appendix; § 902(e), and that the court did not have jurisdiction to consider the validity of Regulation No. 3.

In this court, as in the District Court, appellant contends that the subsidies received were paid by virtue of the authority of the Stabilization Act of 1942, 50 U.S.C. A.Appendix, § 961 et seq., and the executive orders and directive issued thereunder, and that even if payment of the subsidies were made under the authority of § 2(e) of the Emergency Price Control Act, § 204(d), 56 Stat. 32, 50 U.S.C.A.Appendix, § 924(d), thereof establishing the jurisdiction of the Emergency Court of Appeals, is not applicable to this proceeding in that the settled administrative interpretation and practice of the Price Administrator indicate that questions involving the validity of subsidy orders are not subject to the jurisdiction of the Emergency Court of Appeals.

We think the rule of law applied by the District Court (Illinois Packing Co. v. Defense Supplies Corp., D.C., 57 F.Supp. 8) was correct. See also Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Rottenberg v. United States, 1 Cir., 137 F.2d 850, 855; Illinois Packing Co. v. Bowles, 147 F.2d 554, 557; Illinois Packing Co. v. Snyder, Em.App., 151 F.2d 337, 338; and Gibbs v. Defense Supplies Corp., supra.

Consequently, the judgment of the District Court is affirmed.