**HIBBEN v. KUCHAJ et al.**
No. 52 C 530.

United States District Court
N. D. Illinois.
Sept. 29, 1953.

Harold J. Sachs, Chicago, Ill., for plaintiff.

Eckhart, Klein, McSwain & Campbell, Chicago, Ill., for defendants.

HOFFMAN, District Judge.

On March 7, 1952, plaintiff filed his complaint alleging that he was the occupant of certain premises located in Chicago, Illinois, owned by the defendants; that the premises were housing accommodations subject to the Housing and Rent Act of 1950 and the Housing and Rent Act of 1951, the Housing and

Rent Act of 1947, as amended, 50 U.S. C.A.Appendix, § 1881 et seq., and that the defendants had collected or received the sum of $1425 in excess of the maximum rent for the premises occupied by the plaintiff during the period between August 23, 1950, and February 1, 1952.

On April 8, 1952, the defendants moved to dismiss the complaint on the ground that the premises involved were not subject to rent control. In their motion the defendants asserted their belief that the basis for the plaintiff's action was an order of the Area Rent Director dated February 18, 1952, decreasing the maximum rent for the premises, retroactive to August 23, 1950, the day the premises were first rented. The plaintiff subsequently filed a brief in answer to the defendants' motion reciting that the plaintiff's cause of action arose out of the February 18, 1952 order of the Area Rent Director. A copy of this order was attached to and incorporated in plaintiff's brief. Subsequently, on July 22, 1952, the defendants filed an amended motion to dismiss, in which they asserted that on July 15, 1952, the Area Rent Director had modified his earlier order to make the reduction of rent therein provided effective as of the date of the order (February 18, 1952).

On June 9, 1953, the defendants filed a second amended motion to dismiss in which they asserted the order of February 18, 1952, of the Area Rent Director reducing the rental retroactively to August 23, 1950, the modification of this order on July 15, 1952, to remove the retroactive operation of it, and further alleged that the plaintiff had appealed to the Office of Rent Stabilization in Washington and that on May 13, 1953, this office had affirmed the order of the Area Rent Director of July 15, 1952. A copy of the order of the Office of Rent Stabilization was attached to this second amended motion to dismiss.

The defendants filed a brief in support of the second motion to dismiss the complaint, arguing that the elimination of the retroactive effect of the rent reduction automatically removed the basis of the cause of action and that the Area Rent Director had ample authority under the statute and the regulations to modify his earlier order. The plaintiff filed an answer entitled "Plaintiff's reply to defendants' second amended motion to dismiss," supported by a brief, admitting the orders and modifications thereof above recited but arguing that the Area Rent Director had no authority under the statute or regulations to modify the first order. More particularly, the plaintiff argued that the Area Rent Director was limited by the Rent Regulations issued by the Office of Rent Stabilization to fixing the maximum rent effective as of either the date on which rent control first became effective or the date on which the particular premises involved were first rented. This latter date was August 23, 1950. The defendants have filed a brief in reply to the plaintiff's answer.

■ Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., Paragraph (b), provides that if, on a motion directed at a pleading and asserting failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, provided that all parties shall be given reasonable opportunity to present all material pertinent to such a motion under Rule 56. The complaint filed herein makes no reference to the orders of the Area Rent Director; it merely alleges an overcharge for the period between August 23, 1950, and February 1, 1952. It is admitted in the subsequent pleadings of both parties that the overcharge depends on the Area Rent Director's order of February 18, 1952. It is likewise admitted that there was a subsequent modification determining that the order was not to be retroactive. In presenting matters outside of the pleadings, both parties appear to have brought themselves within the provisions of Rule 12. Accordingly the matter can be disposed of as one for summary judgment since:

it further appears that both parties have had ample opportunity to present all the material that might reasonably bear on the issue.

The plaintiff's case turns on the validity of the order of the Area Rent Director of July 15, 1952. There is no allegation that the Director's action was arbitrary or capricious, nor is a constitutional question raised. The plaintiff merely maintains that the order could not be validly made under the regulation.

The Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2061 et seq., sets out a procedure for the review of regulations and orders issued pursuant to the Defense Production Act of 1950 or to the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. This procedure is outlined in Sec. 408 of the Defense Production Act, 50 U.S.C.A.Appendix, § 2108, and continues, with modifications not relevant here, the procedure made available to protestants of any order or regulation under earlier emergency legislation.

By this legislation Congress has established an Emergency Court of Appeals to hear objections to administrative rulings made under the Housing and Rent Act of 1947, as amended.

It has been repeatedly held that the Emergency Court of Appeals has exclusive jurisdiction, subject to the right of review in the Supreme Court of the United States, of questions of the validity of regulations issued under the Housing and Rent Act of 1947, as amended, and that a protestant must exhaust his administrative remedies by appeal to this court. Yakus v. U. S., 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Fast v. Di Salle, Em.App., 193 F.2d 181.

The courts of this circuit have uniformly declined to rule on the validity of orders issued pursuant to the emergency legislation. Illinois Packing Co. v. Reconstruction Finance Corp., 7 Cir., 156 F.2d 875; Streck v. Fleming, D.C., 103 F.Supp. 1011.

In this case the plaintiff has not carried his protest to the Emergency Court of Appeals, which has exclusive jurisdiction of the question. This court is without power to upset the Area Rent Director's order of July 15, 1952, upon any ground asserted here. Accordingly, judgment will be entered for the defendants.