**Application of Sidney S. LEVINE, to vacate summons issued by Donald R. Moysey, Acting District Director of the Treasury Department of the United States, and to restrain any procedure under said summons.**

United States District Court
S. D. New York.

Feb. 14, 1956.

---

Sidney S. Levine, New York City, pro se.

Paul W. Williams, U. S. Atty., by Foster Bam, Asst. U. S. Atty., New York City, of counsel, for the United States.

IRVING R. KAUFMAN, District Judge.

Petitioner seeks to vacate a summons issued by the Acting District Director of the Treasury Department of the United States requiring him to appear before an officer of the Internal Revenue Service to answer questions regarding his tax liability for withholding taxes on specified dates. The summons requires that he bring to this examination certain specified documents, i.e. "Completed Financial Statements 433AB".

Petitioner's motion is not based on the grounds that he is unable to comply because of the vagueness of the summons' description of either the subject of the examination or the nature of the requested documents; that issue is not

raised. Rather he asserts that although the summons is understandable and compliance is possible, it should be vacated because: (1) it was issued without any petition or affidavit showing facts on which the Bureau decided to institute an investigation and because he was not accorded any hearing before the "alleged fixing of the withholding", and (2) because the summons is not returnable before the Secretary or his delegate as required in the statute, but is returnable before E. I. Martin, a mere employee. He says there is no showing that Martin is an attorney, or capable of administering an oath or legally examining any person. He contends that the person examined at such hearings has a right to make objections to improper questions, and that unless Martin is a qualified and experienced examiner versed in the law, it would be a violation of petitioner's constitutional rights to permit this examination to proceed.

 In answer to petitioner's first contention, Section 7602 of the Internal Revenue Code, 26 U.S.C. § 7602, requires no showing by petition or affidavit that there is cause for believing taxes have not been properly paid where the examination is of the taxpayer himself as is the case here. The very purpose of the examination is to discover whether tax liability exists, and the provision was put into the law to enable the Treasury Department to perform its statutory duty of ensuring that taxes are being properly paid, by proceeding "from time to time, through each internal revenue district [to] inquire after and concerning all persons therein who may be liable to pay any internal revenue tax." 26 U.S.C. § 7601.[1] The question of probable cause for such investigations comes into play when a third party is requested to produce records relating to the taxpayer under investigation. See *e.g.* Falsone v. United States, 5 Cir., 205 F.2d 734, certiorari denied, 1953, 346 U.S.

864, 74 S.Ct. 103, 98 L.Ed. 375; United States ex rel. Sathre v. Third Northwestern National Bank, D.C.D.Minn., 102 F.Supp. 879, appeal dismissed, 8 Cir., 1952, 196 F.2d 501. The chief protection accorded the taxpayer from unreasonable examinations is 26 U.S.C. § 7605 which limits such examinations or investigations to one inspection of taxpayer's books of account for each taxable year, unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. Petitioner does not come within this statutory protection as he does not allege that his account books have been previously examined for the years in question. Nor does he invoke any question of the Statute of Limitations. Thus he has presented no reason for denying the Treasury Department its statutory right to examine him to see if taxes have been properly paid.

 Petitioner's second contention that Martin does not come within the statutory definition, "Secretary or his delegate", is adequately disposed of in the government's memorandum which traces in great detail the chain of delegation and re-delegation from the Secretary of the Treasury to Martin set forth in the statutes, treasury decisions and treasury regulations and orders. As for the question of Martin's qualifications, he is qualified by virtue of that delegation. This is not a judicial proceeding where legal rights are being finally determined; rather it is a hearing which is inquisitorial in nature, see In re Wood, D.C.W.D.Ky.1954, 123 F.Supp. 297; Torras v. Stradley, D.C.N.D.Ga. 1951, 103 F.Supp. 737, and cases cited therein, and it can be properly conducted by an investigative official of the Treasury Department. Petitioner has the right to have counsel at this examination, 5 U.S.C.A. § 1005(a), and this should serve amply to protect his interests.

---

1. This disposes of petitioner's contention that he had no hearing before the alleged "withholding" was fixed; this investigation is for the purpose of determining if any additional tax is indeed owing.

**644**

There being no sufficient reason to vacate the summons in this proceeding, this motion is denied and the temporary stay vacated.[2] So ordered.

2. Simultaneously with the filing of this opinion, there is being filed an order of this Court requiring petitioner to appear at an examination to answer questions and bring records as specified in the summons which is the subject matter of this decision.