Let an order be submitted in accordance with these findings of fact and conclusions of law.

**In the Matter of the Application of the United States for an Order compelling Earl J. CARROLL to comply with an Internal Revenue Summons.**

United States District Court
S. D. New York.
Jan. 2, 1957.

Hodges, Reavis McGrath, Pantaleoni & Downey, New York City, for Earl J. Carroll.

Paul Williams, U. S. Atty., by Foster Bam, Asst. U. S. Atty., New York City, of counsel, for the United States.

EDELSTEIN, District Judge.

This is a motion to vacate an ex parte order directing respondent, in effect, to obey an Internal Revenue Service summons that had been previously served on him. Section 7601 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7601, authorizes the Secretary of the Treasury or his delegate to inquire after all persons who may be liable to pay an internal revenue tax, and Section 7602 provides for the examination of books and records and the taking of testimony which may be relevant or material to such inquiry. The analogous section of the 1939 Code, Section 3614, provided for the examination of books and the taking of testimony "bearing upon the matters required to be included in the return", but the phrasing of Section 7602 of the 1954 Code, in terms of data and testimony which "may be relevant or material" to the inquiry constitutes no material change from the prior law. Senate Committee Report No. 1622, p. 617. Section 7605(b) requires that no

taxpayer shall be subjected to unnecessary examination or investigations. The examination of the respondent, who claims to have been, in the years under investigation, a bona fide resident of Germany whose income derived from the practice of international law, is directed not only to his general liability for taxes but also to the specific amounts payable. Respondent refused to answer questions or furnish data that he considers to bear upon the amount of tax payable, consenting only to submit to examination on his status as a bona fide resident of Germany. Any other examination, he contends, is unnecessary and not relevant or material to the inquiry, or "bearing upon the matters required to be included in the return", because under Section 116 of the 1939 Code, his income for the years in question was not reportable or taxable, being earned income of a bona fide foreign resident.

 The pleadings which frame the issue for decision are the application for enforcement of the summons, consisting of two affidavits, the motion to vacate the ex parte order and the affidavit in opposition. The application for the ex parte order is treated as a complaint, and under Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. it is necessary for the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Martin v. Chandis Securities Co., 9 Cir., 128 F.2d 731. From the "complaint" it appears that the respondent was subpoenaed to appear before an officer of the Internal Revenue Service; that he declined to answer certain questions relating to the contractual and financial terms between himself and certain persons during the years 1944 and 1954; that he declined to furnish any information concerning other income earned in Germany or other foreign countries during the years 1944 to 1954 inclusive; and that he failed to produce for examination the books, records and papers required by the subpoena. Without more, it is apparent from the face of the complaint that the information

sought is relevant to the inquiry concerning persons who may be liable to pay an internal revenue tax, or that it bears upon matters required to be included in a return, and by the very nature of the information required it does not appear to be unnecessary. Thus, the complait does not fail to state a claim for relief.

Respondent attempts to raise the issues of relevance and necessity by the allegations of fact in his motion to vacate. He sets forth at length facts to indicate that, during the years in question, his income consisted of fees earned as an international lawyer while he was a bona fide resident of Germany, thus qualifying him from exemption from the filing of a return and the payment of taxes under Section 116 of the 1939 Code. If he is not required to file a return for those years, an inquiry into the details of his income cannot be relevant or necessary. Therefore, he argues, the only inquiry presently proper is on the issue of his foreign residence.

 Apparently he demands some sort of a threshold determination of the issue, but it is not at all clear how such a determination is to be achieved. The contention that the Internal Revenue Service is required to permit him to establish his bona fide foreign residence at the inquiry is without merit. The inquiry is strictly inquisitorial and not a judicial proceeding where rights are finally determined. In re Albert Lindley Lee Memorial Hospital, 2 Cir., 209 F.2d 122; Matter of Levine, D.C.S.D.N.Y.1956, 149 F.Supp. 642, affirmed on the opinion of Judge Kaufman, 2 Cir., 243 F.2d 175. The power vested in the Secretary is similar to the power vested in federal grand juries. Falsone v. United States, 5 Cir., 205 F.2d 734. A grand jury is not required to hear and decide the defenses of a prospective defendant.

 Nor does this court have the power at this time to decide the issue of foreign residence so as to determine the coverage of the defendant by the internal revenue laws. Cf., Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424; Oklahoma Press Pub.

Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614. Congress has conferred upon the Secretary the power and duty to administer the internal revenue laws, including the law relating to the exemption from taxation of foreign residents, and it has provided a method of inquiry for effectuating that purpose. The eventual decision of whether or not an assessment shall be made is one for the appropriate administrative authority, not for the court; to decide the issue of coverage now might preclude an inquiry by the administrative authority and disable it from carrying out its prescribed function. The issue of bona fide foreign residence may, in due course, reach the court in a suit for a refund, but the court may not short circuit the procedure by usurping the administrative function.

■ The statute of limitations cases relied upon by the respondent are consistent with this conclusion. In Martin v. Chandis Securities Co., 9 Cir., 128 F.2d 731, the complaint indicated on its face that inquiry was sought into years for which the statute of limitations had run, and there was no allegation that the return was false or fraudulent so that limitation would not apply. The case is simply one where the complaint failed to state a claim for relief. It by no means stands for the proposition that the court must make an initial determination of coverage. On the contrary, where the statute of limitations is involved on the face of the complaint, an inquiry may be required upon merely a conclusory allegation of suspicion of a false and fraudulent tax return, without even the necessity of the proof of facts showing reasonable grounds to believe the return to be fraudulent. United States v. United Distillers Products Corp., 2 Cir, 156 F.2d 872; In re Wood, D.C., 123 F.Supp. 297, and D.C., 130 F.Supp. 121. In Falsone v. United States, 5 Cir., 205 F.2d 734, it appeared that the statute of limitations had run against the returns for certain years, but an inquiry into those years was permitted on an allegation that it was necessary to a so-called net worth case involving more recent years. Thus,

even if there appeared on the face of the application for the ex parte order, in the case at bar, facts indicating that the respondent was a bona fide foreign resident during the years in question, an allegation that the Internal Revenue Service agents have reasonable grounds to believe and do believe that the respondent was not a bona fide resident of a foreign country during those years, within the meaning of the Internal Revenue Code, would suffice to sustain the order. Inasmuch as the facts are alleged in the motion to vacate, the allegation of belief set forth in the affidavit in opposition suffices, and no further showing is required.

■ Other cases cited by the respondent are merely those where the showing made by the Government clearly indicated a lack of relevance or necessity. The burden of establishing that the information sought was actually needed and necessary was not met where the examination was for the purpose of aiding the Government in defense of a lawsuit, in lieu of an examination before trial, Pacific Mills v. Kenefick, 1 Cir., 99 F.2d 188; or for the purpose of procuring evidence that might be material in verification of the tax return of some other person than the one examined, not known to the Bureau of Internal Revenue, and who may or may not have made a return, McDonough v. Lambert, 1 Cir., 94 F.2d 838, 839; Mays v. Davis, D.C., 7 F.Supp. 596; In re International Corporation, D.C., 5 F.Supp. 608. But where, as here, the Internal Revenue Service agents state that they have made an investigation, that they have reasons to believe taxes are owing, and that the data sought are necessary to the completion of their inquiry, the burden of showing necessity is met.

■■ The Government has no burden of showing probable cause to justify its inquiry by summons. Only where a third party is requested to produce records relating to a taxpayer under investigation is there a requirement for the Government to establish that the benefit it will derive from the data sought

bears a reasonable relation to the burden placed on the respondent. First Nat. Bank of Mobile v. United States, 5 Cir., 160 F.2d 532; United States ex rel. Sathre v. Third Northwestern Nat. Bank, D.C., 102 F.Supp. 879; Matter of Levine, supra. A requirement of a prior showing or determination of tax liability would defeat the purpose of Section 7601, which authorizes inquiry after persons "who may be liable to pay any internal revenue tax". A taxpayer may not refuse to disclose the details of his income because he believes that the income is not taxable, and thereby frustrate an inquiry by requiring proof to the contrary in advance.

■ In any event, it does not appear that the issue of general tax liability is insulated from the details of the respondent's income. Only earned income is exempt under Section 116 of the 1939 Code, and the Government is entitled to inquire into the income source. If, as has been indicated, respondent received fees in property rather than in cash, any gain realized from that property would not be earned income, under the definition of Section 116. Furthermore, it appears that some part of the fees he received was for work done in the United States, and compensation for such work is taxable. Finally, the Government contends that the details of his income are necessary to decide the residence question on the ground that such items as the amount of taxes paid to the German Government and the ratio of military to non-military cases handled by respondent abroad are relevant to the issue. He denies the relevance of such information to the question of residence; but the determination of relevancy "is a burden and responsibility which the proposed witness should not assume." Stone v. Frandle, D.C., 89 F.Supp. 222, 224. "Obviously, the taxpayer cannot be the judge of what books and papers are relevant and material, and thus restrict the examination of his financial affairs to papers of his own selection. A determination of the matter, in the first instance at least, is for the Com-

missioner, who is charged with the duty of verifying the correctness of the taxpayer's returns." In re International Corporation Co., D.C., 5 F.Supp. 608, 611.

Accordingly, the motion to vacate will be denied.