**In the Matter of The Tax Liability of Grant FOSTER.**
**No. M 18–304.**

United States District Court
S. D. New York.
Jan. 22, 1958.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for petitioner Agency for Bank of London & South America, Limited.

Paul W. Williams, U. S. Atty., New York City, for U. S. A., John A. Keefe, Asst. U. S. Atty., New York City, of counsel.

John K. Pickens, Robert J. Bird, Washington, D. C., Charles H. Birdsall, New York City, for intervenors Grant Foster and Foster Const., C. A.

BICKS, District Judge.

The Commissioner of Internal Revenue, pursuant to the authority conferred by § 7602, Int.Rev.Code of 1954,[1] caused a summons to be served upon the New York Agency of the Bank of London & South America, Ltd., directing it to appear before a Special Agent of the Internal Revenue Service to give testimony relating to the tax liability of one Grant Foster for the periods 1949 to 1956, inclusive, and to produce for examination "[b]ooks, papers, records and memoranda of whatsoever nature or kind, relating to the accounts of Foster Construction C. A., and Grant Foster, including the signature cards, ledger sheets and cancelled checks * * *." Upon proof that the Bank had failed to obey the summons, an *ex parte* order was made by a Judge of this Court directing compliance.[2] *Sub judice* is an application by the Bank to vacate said order. Grant Foster and Foster Construction, C. A., applied for leave to intervene in support of the motion. The Government did not oppose either application.

Clearly perceptible is that the objections to the examination emanate principally, if not *in toto*, not from the Bank to whom the summons is directed but from the taxpayer and a corporation intimated by the Government to be directly or indirectly controlled by the taxpayer. The Bank asserts no claim that as to it compliance with the summons will impose an undue hardship. See First Nat. Bank of Mobile v. United States, 5 Cir., 1947, 160 F.2d 532; United States ex rel. Sathre v. Third Northwestern Nat. Bank, D.C.Minn., 102 F.Supp. 879, appeal dismissed 8 Cir., 1952, 196 F.2d 501. Its concern, as articulated in its letter of September 9, 1957 to the Internal Revenue Service, is to protect its position vis-a-vis the construction corporation since the latter and the taxpayer expressed opposition to compliance with the summons. The shelter of a court order is therefore sought.

The only brief submitted in support of this motion is signed by counsel for the intervenors. They urge four grounds, viz., (I) Under Article XX of the Tax Convention between the United States

---

1. § 7602. Examination of books and witnesses

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

* * * * *

"(2) To summon the person liable for tax * * * or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear * * at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; * * *" Int.Rev.Code of 1954, 26 U.S.C.A. § 7602 (2).

2. § 7604. Enforcement of summons.

"(a) Jurisdiction of district court.— If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data." Int.Rev.Code of 1954, 26 U.S.C.A. § 7604.

and the United Kingdom,[3] the exchange of information as is necessary to prevent fraud or in the administration of statutory provisions against legal avoidance of tax is confined to the Commissioner of Internal Revenue in the case of the United States and in the case of the United Kingdom, the Commissioners of Inland Revenue; (II) under the plan of reorganization of the Internal Revenue Service,[4] exclusive authority to examine the tax returns of non residents is confined to the International Operations Division of the Internal Revenue Service with headquarters in Washington; (III) that the Bank has no records relating to the individual account of Grant Foster for any period subsequent to August 2, 1949; that § 275(a) of the Internal Revenue Code of 1939 [5] bars any proceedings to collect income taxes begun more than three years after the return has been filed; and therefore an examination of Foster's 1949 return would be unnecessary and foreclosed by § 7605(b) of the Internal Revenue Code of 1954; [6] and (IV) the Internal Revenue Service may not examine either the records of the Bank relating to the account of Foster Construction, C. A., or the records of said company, if any, in the possession of the Bank since it has not been demonstrated that these books and records are relevant or material to the issue of taxpayer's liability. These contentions will be treated seriatim.

■ It is so apparent that the treaty cited by intervenors has no applicability whatever with respect to the tax liability of Grant Foster,[7] an American citizen, to his own Government, that this contention may be dismissed as frivolous.

The second contention has in effect been withdrawn. Intervenors' brief (p. 5) concedes that this argument was raised merely "to show that the normal procedure has not been followed and that the Special Agent has acted in an arbitrary and whimsical manner." The record is entirely barren of any evidence to support this charge.

■ Movants' third contention, in the abstract, is sound. However, certain facts in this case which compel a different conclusion have been overlooked. Taxpayer's counsel swears in his affidavit, upon information and belief, that Grant Foster's 1949 return was filed November 15, 1951. The sources of his information and the grounds for his belief are not stated. Against this assertion we have an unqualified allegation by a representative of the United States Treasury that said return was filed on October 9, 1953. The difference is not without significance. If the former is correct, absent falsity or fraud with "intent to evade tax," [8] the statute of limitations with respect to the 1949 return would bar further proceedings. If the latter date is correct and again absent fraud, the statute will not have run until October 1958, if, in his 1949 return, Foster omitted to report as gross income an amount which was so includible in excess of 25% of the gross income that was

3. Treaty With United Kingdom on Double Taxation, April 16, 1945, 60 Stat. 1377, 1386, T.I.A.S. No. 1546.

4. Rev.Proc. 55–2, 1955–2 Cum.Bull. 898.

5. "(a) General rule. The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." Int.Rev. Code of 1939, § 275(a), 26 U.S.C.A. § 275(a).

6. "(b) Restrictions on examination of taxpayer.—No taxpayer shall be subjected to unnecessary examination or investigations * * *." Int.Rev.Code of 1954, § 7605(b), 26 U.S.C.A. § 7605(b).

7. A different problem might arise if the tax liability of the Bank were in question.

8. "(a) False return or no return. In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." Int.Rev.Code of 1939, § 276(a), 53 Stat. 87, 26 U.S.C.A. § 276(a) (now Int.Rev.Code of 1954, § 6501(c), 26 U.S.C.A. § 6501(c)).

stated in the return.[9] Therefore, if either an understatement in excess of 25% of gross income or fraud is established, proceedings to recover the tax deficiency are not time barred. What proof the Government is required to adduce to establish that the proposed inquiry is necessary must depend upon the particular facts in each case. To characterize such an inquiry as a "fishing expedition" is not sufficient warrant to deny the Government the right to embark upon it. In re Keegan, D.C.S.D.N.Y.1937, 18 F. Supp. 746, 748. The Special Agent alleges that prior to April 30, 1949 Grant Foster's income was derived from the Foster Construction Co., his individually owned business; that from said date Foster claims he became employed by Foster Construction, C. A., a Venezuelan corporation; that from mid 1949 he has claimed complete exclusion of monies earned and paid to him purportedly as salary by the Venezuelan corporation under § 911(a) Internal Revenue Code 1954,[10] and that the books and records demanded in the summons afford the only opportunity for the Government to determine whether the income received by Foster from the corporation actually represents salary or the distribution of profits in the form of salary. In a further affidavit the same Special Agent states that on the basis of his investigation to date he has reasonable grounds to believe that much of the income excluded by Foster from his personal income tax return has been fraudulently concealed through intercorporate manipulations of capital. If the truth be that Foster Construction, C. A., made distributions to Grant Foster of dividends, or essential equivalents of dividends, in the guise of salary, a liability might properly be asserted, the collection of which would not be barred.[11] The demonstration by the taxing authorities satisfies the court that the examination sought is necessary, relevant and material, and that the Government has set forth sufficient to permit it to pursue its inquiry into the records described in the summons. See In re Carroll, 2 Cir., 1957, 246 F.2d 762; In re Albert Lindley Lee Memorial Hospital, 2 Cir., 1953, 209 F.2d 122; certiorari denied sub nom. Cincotta v. United States, 1954, 347 U.S. 960, 74 S.Ct. 709, 98 L.Ed. 1104; Peoples Deposit Bank & Trust Co. v. United States, 6 Cir., 212 F.2d 86, certiorari denied 1954, 348 U.S. 838, 75 S.Ct. 37, 99 L.Ed. 661; McMann v. S. E. C., 2 Cir., 87 F.2d 377, 109 A.L.R. 1445, certiorari denied McMann v. Engle, 1937, 301 U.S. 684, 57 S.Ct. 785, 81 L.Ed. 1342; Oklahoma Press Publishing Co. v. Walling, 1946, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614; United States v. Morton Salt Co., 1950, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401; Endicott Johnson Corp. v. Perkins, 1943, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424. The view the Court takes is that vacatur of the summons would result in effectively insulating the taxpayer and frustrating the Treasury Department in its lawful pursuit of a relevant inquiry. See In re Albert Lindley Lee Memorial Hospital, supra; Falsone v. United States, 5 Cir., 205 F.2d 734, certiorari denied 1953, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375.

The only new issue raised under the fourth point is that certain of the records relate or belong to Foster Construction, C. A. Movants contend that the tax authorities are required to make a greater showing of relevance or materiality in

---

9. Int.Rev.Code of 1939, § 275(c), 53 Stat. 86, 26 U.S.C.A. § 275(c) (now Int.Rev. Code of 1954, § 6501(e) (1) (A)), 26 U.S.C.A. § 6501(e) (1) (A).

10. "(a) General rule.—The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

"(1) Bona fide resident of foreign country.—In the case of an individual citizen of the United States, who establishes * * * that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States * * * if such amounts constitute earned income * *." Int.Rev.Code of 1954, § 911(a), 26 U.S. C.A. § 911(a).

11. Int.Rev.Code of 1939, § 275(c), or § 276(a).

order to warrant examination of parties other than the taxpayer. In light of the disposition of the third contention it is not necessary in the instant case to go into this question. See In re Carroll, supra, 246 F.2d at page 765.

Motions to intervene granted. Motion to vacate the order of this court dated September 18, 1957 is denied.