**Grant FOSTER and Foster Construction C. A., Intervenors-Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 28, Docket 25073.**

United States Court of Appeals Second Circuit.

Argued Dec. 8, 1958.

Decided March 16, 1959.

Certiorari Denied June 15, 1959.

See 79 S.Ct. 1297.

John K. Pickens, Washington, D. C. (M. Joseph Stoutenburgh, Robert J. Bird, Bird & Thompson, Thomas C. Thompson, Jr., and Dawson, Griffin & Pickens, Washington, D. C., on the brief), for intervenors-appellants.

Renee J. Ginberg, Asst. U. S. Atty. for S. D. N. Y., New York City (Arthur H. Christy, U. S. Atty., S. D. N. Y., New York City, on the brief), for appellee.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

HINCKS, Circuit Judge.

On August 29, 1957, the Commissioner of Internal Revenue, under 26 U.S.C.A. § 7602, I.R.C.1954, caused a summons to be served upon the New York Agency of the Bank of London & South America, Ltd., directing it to appear before a Special Agent of the Service and produce for examination "books, papers, records and memoranda of whatsoever nature or kind, relating to the accounts of Foster Construction C. A., and Grant Foster, including the signature cards, ledger sheets and cancelled checks, for the period 1949 to 1956 inclusive." When the Bank failed to obey the summons, the Commissioner under 26 U.S.C.A. § 7604, I.R.C.1954, obtained an *ex parte* order from the District Court directing compliance. The Bank applied to have the order vacated, and Foster, the taxpayer whose tax liability was the subject matter of the investigation, and Foster Construction C. A., moved to intervene in support of the motion to vacate. On January 22, 1958 Judge Bicks entered an order allowing the intervention, the Government not opposing, and denying the motion to vacate. 159 F.Supp. 444. From this order the intervenors appeal.

We think Judge Bicks' decision was right. The motion to vacate was submitted below on affidavits. An agent of

the Internal Revenue Service by affidavit asserted that he was investigating the tax liability of Grant Foster, a nonresident citizen of the United States, for the years 1949 to 1956, and that until 1949, Foster's income had been derived from the Foster Construction Company, his individually owned business. The affidavit further showed that Foster claimed to have been employed ever since April 30, 1949 by the Foster Construction Compania Anonima, a Venezuelan corporation, and since 1955 or 1956 by a Costa Rican company of the same name. In the affidavit was incorporated a letter from the respondent Agency of the Bank which showed as its only reason for noncompliance that Foster, the appellant, who had maintained no account with the Bank since August 2, 1949, objected to the examination by the Commissioner of Foster's records for the portion of 1949 preceding August 2, 1949 as barred by the statute of limitations; and that Foster Construction C. A. had not authorized disclosure of its corporate records. The Agent's affidavit concluded with a statement that "the books and records demanded in the summons are required to authenticate the exclusion of income claimed by the taxpayer to have been received as salary from the Foster Construction C. A. since its inception, and afford the only opportunity for the government to determine whether the income received by the taxpayer from the Foster Construction C. A. actually represents salary or the distribution of profits in the form of salary." [1]

The simple uncontroverted allegations of fact in the agent's affidavit, as summarized in the foregoing text of this opinion, were enough, we hold, to support the order below. They showed that the inspection sought was in aid of an investigation properly authorized by Congress by § 7602 of the Internal Revenue Code of 1954. Not even the respondent itself suggested that compliance with the order would be unreasonably onerous. And surely the records sought were material and relevant to the investigation. That the foregoing considerations constitute the criteria for judicial enforcement of subpoenas issued by various administrative agencies is well established: an affirmative showing of probable cause for the administrative inquiry is not required. Civil Aeronautics Board v. Hermann, 353 U.S. 322, 77 S.Ct. 804, 1 L.Ed.2d 852; United States v. Morton Salt Co., 338 U.S. 632, 652, 70 S.Ct. 357, 94 L.Ed. 401; Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 208, 66 S.Ct. 494, 90 L.Ed. 614; Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424; Hagen v. Porter, 9 Cir., 156 F.2d 362, certiorari denied 329 U.S. 729, 67 S.Ct. 85, 91 L.Ed. 631; Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771. The same principles and the same criteria are applicable to the enforcement of Internal Revenue subpoenas. Application of Carrol, 2 Cir., 246 F.2d 762, certiorari denied Carroll v. United States, 355 U.S. 857, 78 S.Ct. 85, 2 L.Ed.2d 64; Application of Levine, D.C.S.D.N.Y., 149 F. Supp. 642, affirmed 2 Cir., 243 F.2d 175; United States v. United Distillers Products Corp., 2 Cir., 156 F.2d 872; Zimmermann v. Wilson, 3 Cir., 105 F.2d 583; In re Keegan, D.C.S.D.N.Y., 18 F.Supp. 746; Globe Construction Co. v. Humphrey, 5 Cir., 229 F.2d 148; United States v. Peoples Deposit Bank & Trust Co., D.C.E.D.Ky., 112 F.Supp. 720, affirmed 6 Cir., 212 F.2d 86. And the test of materiality and relevance in this context is, of course, not whether the records sought, when disclosed, will or will not contradict the taxpayer's tax returns. The test, we think, is essentially the same as that for materiality with respect

---

1. A suppemental affidavit by the agent, which we deem not essential to our disposition of the appeal, showed that the taxpayer's tax returns for 1949 and subsequent years had been filed not prior to October 9, 1953 and alleged that "on the basis of his investigation to date, this affiant has reasonable grounds to believe that much of the income excluded by this taxpayer from his personal income tax return has been fraudulently concealed through intercorporate manipulations of capital."

to grand jury investigations. Wilson v. United States, supra; United States v. Morton Salt Co., supra, 338 U.S. at page 642, 70 S.Ct. at page 363; Oklahoma Press Publishing Co. v. Walling, supra, 327 U.S. at page 216, 66 S.Ct. at page 509; Falsone v. United States, 5 Cir., 205 F.2d 734, certiorari denied 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375. It is whether the inspection sought "might have thrown light upon" the correctness of the taxpayer's returns. See United States v. Siegel, 2 Cir., 263 F.2d 530.[2] In this case, the Foster Construction C. A. records plainly "might have thrown light" on the question, crucial under I.R.C. 1954, § 911(a), 26 U.S.C.A. § 911 (a), whether or not the taxpayer, during the years under investigation received, directly or indirectly, from the foreign corporation salary constituting "earned income" or distributions of profits.

■■ The appellants, in objecting to enforcement, assert that the examination sought was unnecessary and unreasonable because the three year statute of Limitations, I.R.C.1939, § 275(a), 26 U.S.C.A. § 275(a), had run so that assessments on the years under investigation had already been barred. The summons and order under §§ 7602 and 7604, they insist, may issue only on a showing of probable cause to believe that the years of which investigation is sought are "open" years as to which the statute of limitations has not run. As we pointed out in United States v. United Distillers Products Corp., supra, the general three year statute of limitations was extended to five years by I.R.C.1939, § 275(c) (I.R.C.1954, § 6501(e), 26 U.S. C.A. § 6501(e)), in cases in which the understatement of gross income in the return exceeded 25%, and no time limitation whatever is applicable in cases of fraudulent returns, I.R.C.1939, § 276 (I.R.C.1954, § 6501(c)). We adhere to the position which we took in the United Distillers case and hold that an examination, whether of a taxpayer or a third party, is not unnecessary or unreasonable (within the meaning of the Fourth Amendment) merely because three years, or five years, or any longer specified period of time has elapsed since the tax return under investigation was filed. The examination provided by § 7602 is for the expressly stated purpose not only "of ascertaining the correctness of any return" but also for "determining the liability of any person for any internal revenue tax." The Commissioner is therefore entitled to the examination if it may shed light on whether a liability still exists or whether it has been time-barred. As we stated in the United Distillers case [156 F.2d 875] the Commissioner, as a condition to the issuance of a summons and order under §§ 7602 and 7604, should not be required to prove grounds for belief that the liability was not time-barred "prior to examination of the only records which provide the ultimate proof." Zimmermann v. Wilson, supra; In re Upham's Income Tax, D.C.S.D.N.Y., 18 F.Supp. 737; In re Keegan, supra. Cf. Application of Carroll, supra.

■■ The appellants, citing Hubner v. Tucker, 9 Cir., 245 F.2d 35, and Local 174, etc. v. United States, 9 Cir., 240 F. 2d 387, insist that the enforcement order instituted a search or seizure forbidden by the Fourth Amendment. But the

---

2. In Application of Levine, D.C., 149 F. Supp. 642, 643, affirmed 2 Cir., 243 F. 2d 175, Judge Kaufman said: "The question of probable cause for such investigations comes into play when a third party is requested to produce records relating to the taxpayer under investigation. See e. g. Falsone v. United States, 5 Cir., 205 F.2d 734, certiorari denied 1953, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375; United States ex rel. Sathre v. Third Northwestern National Bank, D.C.D. Minn., 102 F.Supp. 879, appeal dismissed 8 Cir., 1952, 196 F.2d 501." The context makes it plain that by this was meant only that a motion to enforce a subpoena against a third party should show some connection between the respondent and the taxpayer under investigation from which it may be reasonably believed that the respondent *may have* information relative to the investigation which justifies the burden of compliance.

appellants lack standing to raise that objection: the records sought were owned and possessed by the Agency of the Bank. Zimmermann v. Wilson, supra; United States v. Peoples Deposit Bank & Trust Co., supra; In re Upham's Income Tax, supra; In re Andrews' Tax Liability, D.C.D.Md., 18 F.Supp. 804. See also Wilson v. United States, supra, and McMann v. Securities and Exchange Commission, 2 Cir., 87 F.2d 377, 109 A.L.R. 1445, certiorari denied McMann v. Engle, 301 U.S. 684, 57 S.Ct. 785, 81 L.Ed. 1342.

Quite apart from the appellants' lack of standing, we think it inadmissible to equate the enforcement order here under consideration with an unreasonable search and seizure. See Oklahoma Press Publishing Co. v. Walling, supra, 327 U.S. at page 195, 66 S.Ct. at page 498. And in Civil Aeronautics Board v. Hermann, supra, it was held that a district court order enforcing a subpoena of the Board under 49 U.S.C.A. § 644(d), was valid although, as appears from the opinion below, 9 Cir., 237 F.2d 359, 362, there had been no express statement or finding by the district court even of the relevancy or materiality of the documents sought. This opinion was announced subsequent to the Hubner and Local 174 cases and in effect overruled the holdings of those cases. It is in line with that of this court in McMann v. Securities and Exchange Commission, supra [87 F.2d 379] where it was held that a search instituted by a judicial enforcement order is unreasonable within the meaning of the Fourth Amendment only when "it is out of proportion to the end sought * * *" That certainly is not the situation here. For, as already noted, the Agency of the Bank makes no claim that compliance will cause it undue hardship.

We conclude, therefore, that a § 7602 examination made without an advance showing that the underlying tax liability is not time-barred is not necessarily "unreasonable." Constitutional immunity from unreasonable searches does not relieve a citizen of the testimonial duty to disclose information needed for the just and proper discharge of governmental functions. Interstate Commerce Commission v. Brimson, 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047; Wilson v. United States, supra; Brownson v. United States, 8 Cir., 32 F.2d 844; and United States v. First Nat. Bank of Mobile, D.C.S.D.Ala., 295 F. 142, affirmed per curiam 267 U.S. 576, 45 S.Ct. 231, 69 L.Ed. 796; McMann v. Securities and Exchange Commission, supra. Cf. Garland v. Torre, 2 Cir., 259 F.2d 545, certiorari denied 358 U.S. 910, 79 S.Ct. 237, 3 L.Ed.2d 231.[3]

The appellants also complain of an order by Judge Dawson, whereby Judge Bicks' order was superseded pending appeal only on condition that Foster, the taxpayer, waive the statute of limitations as a bar to possible tax assessments—a condition with which Foster complied. It was clear at that time that if the Commissioner was unable to examine the records until the appeal was decided here, the statute of limitations might have run on some at least of the years in question. And examination before appeal would have rendered the appeal moot.

We think Judge Dawson's solution for this impasse was proper as well as eminently practical. Judge Bicks had ordered the Bank to appear and produce.

3. The appellants lean heavily on O'Connor v. O'Connell, 1 Cir., 253 F.2d 365; In re Brooklyn Pawnbrokers, D.C.E.D.N.Y., 39 F.Supp. 304; and In re Andrews' Tax Liability, D.C.D.Md., 18 F.Supp. 804. These cases are distinguishable in that in each the summons had been directed to the taxpayer whose returns were under investigation. I.R.C. § 7605(b), 26 U.S. C.A. § 7605(b), on which the court in its opinion in the O'Connor case largely relied, provides only for "Restrictions on *examination of taxpayer*"; it does not purport to circumscribe examinations of third parties. However, we prefer to base our opinion on the broader gound stated in the text.

This was the equivalent of a mandatory injunction. The appeal is from his order denying a motion to vacate the injunctive order. We hold that the order fell within the scope of Federal Rules of Civil Procedure, Rule 62(c), 28 U.S.C.A.: it was an order continuing in effect the injunctive order theretofore made, *ex parte*. Plainly his order was neither a "judgment for the recovery of money" nor was it a "judgment [which] determines the disposition of real estate" under Rule 73(d). Consequently, under Rule 62(c) it lay within the discretion of the Court to suspend the injunctive order pending appeal "upon such terms as to bond *or otherwise* as it considers proper for the security of the rights of the adverse party." Judge Dawson made wise use of that power.

Nor do we think it passed the bounds of discretion for Judge Dawson to deny the motion to amend the order which had conditioned a stay pending appeal upon delivery to the Commissioner of waivers covering "all open years." At that time, as appeared from the record below, five years had not elapsed since the tax returns of 1947 and 1948 had been filed. It was, therefore, proper and not unreasonable to require waivers for these, as well as subsequent, years as a condition precedent to a stay.

Affirmed.

LUMBARD, Circuit Judge (concurring).

I dissent from the implied holding of the court that these appellants had standing to prosecute this appeal in the absence of an appeal by the Bank. As Judge HINCKS' opinion holds with regard to their claims of an illegal search and seizure, the appellants had no standing to complain about the order to the bank to produce the records since it was admitted that the records were not in their custody and were not owned by them. It think that the same rule applies to their claims that the records demanded of the bank lacked materiality and relevance to the investigation.

A year and a half has now gone by since the Commissioner first sought to examine the records in question. This long delay is most undesirable. Our courts should not permit interventions which delay government action at the investigation stage unless the interest asserted is direct and immediate.

However, whether or not in the absence of any objection by the government this intervention should have been denied, the fact that it was granted does not add anything to the standing of the intervenors on this appeal, see Boston Tow Boat Co. v. United States, 1944, 321 U.S. 632, 64 S.Ct. 776, 88 L.Ed. 975; Alexander Sprunt & Son, Inc. v. United States, 1930, 281 U.S. 249, 255, 50 S.Ct. 315, 74 L.Ed. 832, and I would consequently dismiss their appeal for want of standing.

Since the court has decided the merits of the appeal, I think that it is nevertheless not inappropriate for me to express my agreement with what Judge HINCKS has written.